IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IKARA CHRISTIANA EARNESTINE
EUGE VAGANTE DE ROSSITTE                                                    PLAINTIFF

v.                                    Case No. 6:25-cv-06097

WARDEN JERRY BYERS; FORMER DEPUTY
WARDEN GRIFFEN; MAILROOM PERSONNEL;
ALLISON CASH; JENNIFER KRATZ; BRANDI PRINCE;
SERGEANT SCROGGINS; ROLANDA SCRUGGS;
and WILLIAM STRAUGN                                                         DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on May 14, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 27. Judge Ford conducted a preservice screening of Plaintiff's Amended Complaint and now recommends that some of Plaintiff's claims be dismissed and others proceed. *Id.* Specifically, Judge Ford recommends that Plaintiff's Claim One against Defendant Byers in his official capacity, Claim Three against Defendants Byers, Scroggins, Scruggs, and Doe Mailroom Personnel in their individual and official capacities, and state law claims against Defendant Byers, Scroggins, Scruggs, and Doe Mailroom Personnel should proceed.

Plaintiff submitted a "Nominal Objection" to the Report and Recommendation. ECF No. 34. Plaintiff states that "while she may have quibbles with the [Report and Recommendation] she has more with her own Complaint." *Id.* at 2. Plaintiff acknowledges that she has failed to be specific and narrow in her suit and moves the Court for leave to file a Second Amended Complaint to include "specific bullet point style allegations" linked to specific Defendants and claims. *Id.* Plaintiff does not describe those allegations.

The Court first turns to Plaintiff's Motion for Leave to Amend, which was included within her Objection. [1]  ECF No. 35.  Leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  However, there is no absolute right to amend a pleading, and the decision whether to grant leave to amend is within the sound discretion of the trial court.  *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005).  The court may deny a motion to amend based on a finding of undue delay, repeated failure to cure deficiencies, and futility of the amendment.  *Id.* at 991 (citations omitted).  The Court finds that Plaintiff has engaged in a pattern of undue delay here.  In the Report and Recommendation, Judge Ford detailed that the Court was lenient in allowing Plaintiff to file her Amended Complaint beyond the directed deadline, despite being granted several extensions.  ECF No. 27, at 3.  Further, Plaintiff was provided with an opportunity to cure the deficiencies in her original complaint and failed to do so. Finally, Plaintiff's Motion for Leave to Amend lacks any factual allegations with which the Court can determine futility of the amendment.  Accordingly, the Court hereby **DENIES** Plaintiff's Motion (ECF No. 35).

Returning to the Report and Recommendation, the Court finds that Plaintiff's objections are not specific and reviews the Report and Recommendation for clear error.  *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990) (instructing that objections must be timely and specific to trigger *de novo* review); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (stating that the "clearly erroneous" standard of review applies to the portions of a magistrate's report and recommendation to which no objections have been made).  Upon review, finding no clear error on the face of the record and that Judge Ford's reasoning is sound, the Court **ADOPTS** the Report and Recommendation (ECF No. 27) *in toto.*  Accordingly, the Court finds the following:

---

[1] Plaintiff included her Objection and Motion for Leave in the same document named "Nominal Objection to the Magistrate Judge's Report and Recommendation with Motion for Leave to File a Second Amended Complaint."  ECF Nos. 34, 35.  This document has been filed on the docket twice: once as Plaintiff's objections (ECF No. 34) and once as Plaintiff's Motion for Leave (ECF No. 35).

(1) Plaintiff's Claim One individual capacity claim against Defendant Byers, Griffen, Kratz, Prince, and Doe Mailroom personnel is **DISMISSED WITHOUT PREJUDICE**.

(2) Plaintiff's Claim One official capacity claim against Defendants Griffen, Kratz, Prince, and Doe Mailroom personnel is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's Claim One official capacity claim against Defendant Byers **REMAINS.**

(3) Plaintiff's Claim Two is **DISMISSED WITHOUT PREJUDICE**.

(4) Plaintiff's Claim Three against Defendants Byers, Scroggins, Scruggs, and Doe Mailroom Personnel **REMAINS**.

(5) Defendants Cash, Prince, Kratz, Griffen, and Straughn are **TERMINATED** as Defendants in this case.

(6) Plaintiff's related state law claims in her Amended Complaint **REMAIN** against all Defendants not terminated.

**IT IS SO ORDERED**, this 30th day of July, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

3